1
2
3
4
5
6
7
8                                    **UNITED STATES DISTRICT COURT**

9                                      **EASTERN DISTRICT OF CALIFORNIA**

10

11  | JAMES MICHAEL HOEFER,                  ) Case No.: 1:17-cv-01695-BAM
12  |                         Plaintiff,     )
    |                                        ) **ORDER REGARDING PLAINTIFF'S**
13  |         v.                             ) **SOCIAL SECURITY COMPLAINT**
    |                                        )
14  | NANCY A. BERRYHILL, Acting             )
    | Commissioner of Social Security,       )
15  |                                        )
    |                         Defendant.     )
16  |                                        )

17

18                                              **INTRODUCTION**

19         Plaintiff James Michael Hoefer ("Plaintiff") seeks judicial review of a final decision of the

20  Commissioner of Social Security ("Commissioner") denying his application for disability insurance

21  benefits ("DBI") under Title II of the Social Security Act.  The matter is currently before the Court on

22  the parties' briefs, which were submitted, without oral argument, to Magistrate Judge Barbara A.

23  McAuliffe.[1]

24         Having considered the briefing and record in this matter, the Court finds the decision of the

25  Administrative Law Judge ("ALJ") to be supported by substantial evidence in the record as a whole and

---

[1] The parties consented to have a United States Magistrate Judge conduct all proceedings in this case, including entry of final judgment, pursuant to 28 U.S.C. § 636(c). (Doc. Nos. 7, 8.)

1

based upon proper legal standards. Accordingly, this Court affirms the agency's determination to deny benefits.

**BACKGROUND**

On November 1, 2013, Plaintiff filed an application for disability insurance benefits. AR 198-199.[2] Plaintiff alleged that he became disabled on August 1, 2013, due to back and joint pain, anxiety, and depression. AR 212, 215. Plaintiff's application was denied initially and on reconsideration. AR 72-100, 107-112. Subsequently, Plaintiff requested a hearing before an ALJ. AR 113-116. ALJ Phillip C. Lyman held a hearing on August 5, 2016, and issued an order denying benefits on September 1, 2016. AR 14-71. Plaintiff sought review of the ALJ's decision, which the Appeals Council denied, making the ALJ's decision the Commissioner's final decision. AR 1-5. This appeal followed.

**Hearing Testimony**

The ALJ, appearing telephonically from San Jose, California, held a hearing on August 5, 2016, in Fresno, California. AR 42, 128. Plaintiff appeared with his attorney, Melissa Proudian. AR 42. Medical Expert ("ME") Dr. Joseph Gaeta and Vocational Expert ("VE") Judith Najarian also appeared. AR 42.

In response to questioning by the ALJ, Plaintiff testified that he experiences radiating pain in his neck and lower back, as well as gout, daily joint pain in his knees and elbows, and depression. AR 46-48. He takes medication for his gout and describes his flare-ups as occasional. AR 48. Plaintiff graduated from high school and enlisted in the Marines for three and a half years before a receiving an other-than-dishonorable discharge. AR 49-50.

The ALJ elicited testimony from ME Dr. Gaeta, who opined that the impairments disclosed by the medical records in Plaintiff's case did not meet or equal the severity of any of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1, at any time from December 2015 onward. AR 50-51. In coming to that opinion, the ME primarily considered listings 1.02 and 1.04 with respect to Plaintiff's spinal issues and joint issues in his knee, foot, and elbows. AR 51. The ME testified that Plaintiff's medical records generally had normal neurological and musculoskeletal examinations, other than some

---

[2] References to the Administrative Record will be designated as "AR," followed by the appropriate page number.

limitation of motion in the neck and lower back. AR 52. Thus, based on the evidence, the ME agreed with Disability Determination Services' conclusion that Plaintiff had a light residual functional capacity with no climbing ladders or scaffolds but otherwise occasional postural limitations, no balance limitations, and no manipulative limitations bilaterally. AR 51-52. In response to questioning from Plaintiff's attorney, the ME testified that his assessment considered Plaintiff's gout flare-ups as well as pain aggravated by sitting, rising from sitting, standing, walking, and the like. AR 52-54.

With respect to his mental impairments, Plaintiff testified that within the last five years he has never been a patient in a mental hospital for any reason or been subject to a 5150 proceeding. AR 54-55. Plaintiff sees a psychiatrist through LAGS Spine and Sport Care every three months for depression and, as of the hearing, had seen her a total of three times. AR 55-56.

When questioned by his attorney, Plaintiff testified that he experiences the greatest amount of pain in his lower back and hips. AR 57. This pain is constant, and Plaintiff rates his pain level at an eight out of ten without medication and a six or seven out of ten with medication. AR 57. Plaintiff experiences drowsiness and dizziness as side effects of his Norco and Baclofen medications. AR 57. Plaintiff takes these medications beginning at 8:00 a.m. and takes them more than once per day. AR 57. In addition to medication, Plaintiff attempts to relieve his pain by reclining in his bed with feet elevated approximately one foot in the air. AR 58. Plaintiff also experiences swelling in his feet constantly and in his knees three out of five days, with his left knee swelling slightly more than the right knee. AR 58. He additionally experiences pain in the knees every time he stands and in his neck every day. AR 58. Plaintiff also experiences gout flare-ups once every four to five months, with each flare-up lasting approximately seven days. AR 63. During those flare-ups, Plaintiff is unable to walk or put any weight on his foot whatsoever and he estimates his pain level is at a ten out of ten. AR 63. Plaintiff takes medication for his gout.

Plaintiff testified that he can sit for ten to fifteen minutes before he must stand and can stand for five minutes before he must sit or lay down. AR 58-59. Plaintiff has used a cane for approximately three years to assist with his stability, although the cane was not prescribed by a doctor. AR 59. Plaintiff can walk approximately one to two yards with assistance of the cane before he must rest. AR 59. He is able to lift up to five pounds. AR. Plaintiff testified that he rests approximately ten hours of every

waking day in order to relieve the pain in his lower back and knees and to stabilize his neck. AR 60-61. Plaintiff is able to bend over at the waist, pick up an item, and stand back up and can walk up a flight of stairs, but must do these activities slowly. AR 61. He can walk on uneven surfaces but has a fear of falling. AR 61. Plaintiff can concentrate on a task for ten minutes before requiring a break of fifteen to twenty minutes. AR 62. Weather affects Plaintiff's pain, and he feels increased pain in his knees and hips on cold or rainy days. AR 62.

Plaintiff testified that he has a driver's license and drives on occasion, although he usually has someone else drive him to go shopping. AR 63. Plaintiff's doctors have not discussed any surgery at this time. AR 63. They have discussed nerve ablation but none has been scheduled. AR 64. In the last five years, Plaintiff has not had any surgery on his cervical spine, lumbar spine, or knees. AR 64.

Following Plaintiff's testimony, the ALJ elicited testimony from VE Judith Najarian. AR 65. The ALJ asked the VE hypothetical questions, all of which assumed a person with the same age, education, and prior work experience as Plaintiff. AR 67. For the first hypothetical, the ALJ asked the VE to assume an individual with the ability to lift and carry twenty pounds occasionally and ten pounds frequently, stand, walk, and sit for six hours out of an eight-hour workday, and use stairs and ramps, stoop, crouch, kneel and crawl occasionally, but never use ladders and scaffolds. AR 67-68. This hypothetical individual's ability to understand, remember, and carry out detailed instructions would be precluded less than 10% of each day. AR 68. The VE testified that this person would not be able to perform Plaintiff's prior work and would not have any transferable skills. AR 68-69. However, the VE testified that this person could perform other light, unskilled work in the national economy, such as a sales attendant or marker. AR 69.

For the third hypothetical, Plaintiff's attorney asked the VE to consider the same individual described in the first hypothetical, with the addition that this individual would be off task 15% of the time. AR 69. The VE testified that there would be no work available. AR 69. For the fourth hypothetical, Plaintiff's attorney then asked the VE if it would change the result if the same individual in the first hypothetical needed one additional break of one hour in addition to those already scheduled. AR 69. The VE testified that there would be no work available. For the fifth hypothetical, Plaintiff's attorney asked the VE to consider the same individual described in the first hypothetical with the

addition of a cane needed for balance and ambulation. AR 70. The VE testified that this would eliminate light work. AR 70.

**Medical Record**

The relevant medical record was reviewed by the Court and will be referenced below as necessary to this Court's decision.

**The ALJ's Decision**

Using the Social Security Administration's five-step sequential evaluation process, the ALJ determined that Plaintiff was not disabled under the Social Security Act. AR 17-35. Specifically, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on December 31, 2015, and Plaintiff did not engage in substantial gainful activity during the period of his alleged onset date of August 1, 2013, through December 31, 2015, the date he was last insured. AR 19. The ALJ identified obesity, gout, degenerative disc disease of the cervical, lumbar, and thoracic spine, questionable nondisplaced tear of the lateral meniscus and questionable grade-1 chondromalacia as severe impairments. AR 19-23. Nonetheless, the ALJ determined that the severity of Plaintiff's impairments did not meet or equal any of the listed impairments. AR 23-2. Based on a review of the entire record, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to lift and carry 20 pounds occasionally and 10 pounds frequently, stand and/or walk six hours, sit for six hours, perform occasional postural activities except no climbing ladders or scaffolds, had no limitations on balancing, and was precluded from understanding, remembering, and carrying out detailed instructions due to pain less than 10% of a day. AR 24-34. With this RFC, the ALJ found that there were jobs existing in significant numbers in the national economy that Plaintiff could perform. AR 34-35. Thus, the ALJ concluded that Plaintiff was not disabled under the Social Security Act. AR 35.

## **STANDARD OF REVIEW**

**Disability Standard**

To qualify for benefits, a claimant must establish that he or she is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(a)(3)(A). A claimant must show that he or she has a physical or mental impairment of such severity that he or she

is not only unable to do his or her previous work, but cannot, considering his or her age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. *Quang Van Han v. Bowen*, 882 F.2d 1453, 1456 (9th Cir. 1989). The burden is on the claimant to establish disability. *Terry v. Sullivan*, 903 F.2d 1273, 1275 (9th Cir. 1990).

**Scope of Review**

Congress has provided a limited scope of judicial review of the Commissioner's decision to deny benefits under the Act. In reviewing findings of fact with respect to such determinations, this Court must determine whether the decision of the Commissioner is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence means "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 402 (1971), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119, n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. This Court must consider both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985). In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *E.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). This Court must therefore uphold the Commissioner's determination that a claimant is not disabled if the Commissioner applied the proper legal standards, and if the Commissioner's findings are supported by substantial evidence. *See Sanchez v. Sec'y of Health and Human Serv.*, 812 F.2d 509, 510 (9th Cir. 1987).

## **DISCUSSION**[3]

Plaintiff contends that the ALJ failed to provide clear and convincing reasons for disregarding Plaintiff's subjective symptom testimony. (Doc. No. 13 at 18-20.) The Commissioner, in turn, argues that the ALJ properly considered whether Plaintiff's statements were consistent with the objective medical evidence and the other evidence in the record. (Doc. No. 16 at 8-13.)

---

[3] The parties are advised that this Court has carefully reviewed and considered all of the briefs, including arguments, points and authorities, declarations, and/or exhibits. Any omission of a reference to any specific argument or brief is not to be construed that the Court did not consider the argument or brief.

### A. Evaluation of Plaintiff's Testimony

In deciding whether to admit a claimant's subjective complaints of pain, the ALJ must engage in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004). First, the claimant must produce objective medical evidence of his impairment that could reasonably be expected to produce some degree of the symptom or pain alleged. *Garrison*, 759 F.3d at 1014. If the claimant satisfies the first step and there is no evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his symptoms only by offering specific, clear and convincing reasons for doing so. *Id.* at 1015. If there is objective medical evidence of impairment, the ALJ then may consider the nature of the symptoms alleged, including aggravating factors, medication, treatment, and functional restrictions. *See Bunnell v. Sullivan*, 947 F.2d 341, 345-47 (9th Cir. 1991). Other factors an ALJ may consider include: (1) the claimant's reputation for truthfulness, prior inconsistent statements or other inconsistent testimony; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996).

The ALJ satisfied the first step of the analysis and made no finding of malingering. AR 33. However, at the second step, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record[.]" AR 33. Therefore, the ALJ's reasons for discounting the alleged severity of Plaintiff's symptoms must be specific, clear and convincing. *Brown-Hunter v. Colvin*, 806 F.3d 487, 492-93 (9th Cir. 2015).

Plaintiff argues that the ALJ failed to specifically identify the testimony that was not credible and the medical evidence that contradicted Plaintiff's testimony. (Doc. No. 13 at 19.) In *Brown -Hunter v. Colvin,* 806 F.3d 487 (9th Cir. 2015), the Ninth Circuit held that an ALJ errs "by making only a single general statement that the claimant' statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above, without identifying sufficiently specific reasons for rejecting the testimony, supported by evidence in the case record." *Id.* at 493 (citation and quotation marks omitted.) There, the ALJ "simply stated her non-credibility

conclusion and then summarized the medical evidence supporting her RFC determination," which "is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully . . . [to] ensure that the claimant's testimony was not arbitrarily discredited." *Id.* at 494. The ALJ's failure to identify the testimony that was found not to be credible and to link that testimony to the particular parts of the record supporting the non-credibility determination was legal error. *Id.*

Here, however, the ALJ linked Plaintiff's symptom testimony that he found not to be credible to particular parts of the record. AR 25-35. The ALJ summarized Plaintiff's testimony regarding the persistence, intensity, frequency, and limiting effects of his back, hip, neck, feet and leg pain, gout, and side-effects of his medication. AR 25. The ALJ then devoted eight pages and more than forty paragraphs to detailing the specific medical evidence in the record and explaining why it did not support that testimony. AR 25-33. Ultimately, the ALJ found that Plaintiff's allegations regarding the persistence, intensity, frequency, and limiting effects of pain, gout, and medication side-effects were not credible because they were inconsistent with the medical and other evidence in the record.[4] AR 33. Unlike *Brown-Hunter*, the Court need not speculate about the basis of the ALJ's determination or substitute its conclusions for the ALJ's because the ALJ not only succinctly summarized Plaintiff's symptom testimony, but he also clearly indicated what evidence he found to be inconsistent. *See Brown-Hunter, supra,* 806 F.3d at 495.[5] "Where, as here, the ALJ has made specific findings justifying a decision to disbelieve an allegation ... and those findings are supported by substantial evidence in the

---

[4] The ALJ found that Plaintiff's testimony was "not entirely consistent" with the objective medical evidence as well as the "other evidence in the record for the reasons explained in this decision." AR 33. This other evidence included Plaintiff's daily activities and the testimony of ME Dr. Gaeta. *See Molina v. Astrue*, 674 F.3d 1104, 1112-13 (9th Cir. 2012) (an ALJ may consider "whether the claimant engages in daily activities inconsistent with the alleged symptoms" in determining credibility); *Batson v. Comm'r of the Social Security Admin.*, 359 F.3d 1190, 1196 (9th Cir. 2004) (the ALJ properly relied on objective medical evidence and medical opinions in determining credibility). In light of the ALJ's extensive discussion and comparison of the relevant testimony to the record, the Court is satisfied that the medical and other evidence in the record was adequately considered.

[5] While the ALJ's opinion could have been more clearly stated, the Court is able to reasonably discern the ALJ's path for the purpose of review. *See Brown-Hunter, supra,* 806 F.3d at 493-494; *Jose v. Berryhill,* 2018 WL 1244763 at *6 (D. Or. Mar. 12, 2018) ("[E]ven if the ALJ could have stated each reason more clearly, the Court is still able to 'reasonably discern' the ALJ's path.").

8

record, our role is not to second-guess that decision." *Morgan v. Comm'r of Soc. Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999) (citation omitted). Thus, the Court finds no error with the ALJ's credibility determination.

## **CONCLUSION**

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence in the record as a whole and is based on proper legal standards. Accordingly, this Court **DENIES** Plaintiff's appeal from the administrative decision of the Commissioner of Social Security. The Clerk of this Court is **DIRECTED** to enter judgment in favor of Defendant Nancy A. Berryhill, Acting Commissioner of Social Security, and against Plaintiff James Michael Hoefer.

IT IS SO ORDERED.

Dated: **March 19, 2019**         /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE